UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE COLEMAN #R01069    )<br>                             )<br>        Plaintiff,           )<br>                             )<br>v.                           )   No.  08 C 3709<br>                             )   Judge Der-Yeghiayan<br>DR. PARTHA GHOSH             )<br>                             )<br>                             )<br>        Defendant.           ) | |

## MOTION TO DISMISS

Defendant., DR PARTHA GHOSH., by his attorneys, CHARYSH & SCHROEDER, LTD., and for his motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure state as follows:

1. On August 7, 2008, summons was issued for the defendant in this matter.

2. On August 18, 2008, purported executed returns of summons were filed alleging to show service on defendant Dr. Partha Ghosh (see Exhibit A)

3. A review of the return for this summons shows that it purports to show 'service' by mailing a copy of the summons to Stateville Correctional Center.

4. Pursuant to Rule 4(e)(1) and Rule 4(e)(2) of the Federal Rules of Civil Procedure, service of process on individuals is only proper when it is (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally, or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion when residing therein, or by delivering a copy of the summons and of

the complaint to an agent authorized by appointment or by law to receive service of process.

5.   Pursuant to 735 ILCS 5/2-203, service upon individuals is only proper when there is personal service or abode service upon some person of the family or a person residing there over the age of 13.

6.   The requirement of personal service is subject to strict construction and the Seventh Circuit has held that the liberal construction of the rules of service of process cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had.  Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297 (7th Cir. 1991); citing United States v. Mollenhauer Laboratories, Inc., 267 F.2d 260 (7th Cir. 1959)

7.   Nothing in the Federal Rules of Civil Procedure, the United States Code Annotated, or Illinois law allow for service of process by mailing a summons to a defendant's place of employment.  In this case, service is patently insufficient pursuant to Rule 4 of the Rules of Civil Procedure, and therefore pursuant to Rule 12(b)(5) defendant's motion to dismiss for insufficient service should be granted.

WHEREFORE, defendant DR. PARTHA GHOSH respectfully requests this Honorable Court enter an order dismissing the claims against him pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and grant such other and further relief as the court deems just and proper.

CHARYSH & SCHROEDER, LTD.


 /s/Richard A. Tjepkema

CHARYSH & SCHROEDER, LTD.
33 North Dearborn Street
Suite 1300
Chicago, Illinois 60602
(312) 372-8338
Michael J. Charysh (ARDC# 6187455)
Richard A. Tjepkema (ARDC # 6217445)

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that he served a copy of the foregoing documents on all attorneys of record via electronic notification to EFC participants, and by U.S. Mail to non-EFC participants at their respective addresses by depositing copies of same with proper postage prepaid in the U.S. Mail at 33 North Dearborn Street, Chicago, Illinois at or before 5:00 p.m. on September 3, 2008.

                                                  By: s/ Richard A. Tjepkema
                                                       Attorney for Defendants

SERVICE LIST:

Lawrence Coleman  #R01069
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Il 60434