# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3709 | **DATE** | 7/23/2012 |
| **CASE TITLE** | Lawrence Coleman (R-01069) vs. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to reinstate [20] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

  This matter is before the court on Plaintiff Lawrence Coleman's (Coleman) *pro se* motion to reinstate. On October 17, 2008, the court denied without prejudice Defendant Dr. Partha Ghosh's (Ghosh) motion to dismiss for failure to serve Ghosh. The court noted that Ghosh had correctly pointed out that the Return of Service stated that Coleman did nothing more than mail the summons by U.S. mail to the Stateville Correctional Center. Mailing a defendant a summons and complaint is not a proper form of service under Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 4; 735 ILCS 5/2-203. However, since Coleman was proceeding *pro se*, the court granted an extension of time for Coleman to serve Ghosh and denied Ghosh's motion to dismiss without prejudice. The court also denied Coleman's request for the appointment of the Marshal to serve Gosh.

  The court gave Coleman until November 12, 2008 to properly serve the summons and complaint on Ghosh. The court also warned Coleman that failure to file with the Clerk of Court the appropriate return of service or waiver of service by November 12, 2008, would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 4. On November 12, 2008, Coleman filed a return of service, which indicates that on November 7, 2008, Coleman once again served Ghosh by U.S. mail only. (Serv. 3).

**STATEMENT**

Coleman had thus not properly served Ghosh by the deadline, and on November 18, 2008, the court therefore dismissed the instant action. Over three years later, Coleman has filed the instant *pro se* motion, which the court has liberally construed. Coleman indicates that he did not understand how to properly serve a defendant and requests that the court reinstate the instant action. Coleman has not shown that the court erred in dismissing the instant action. Nor has Coleman provided justification for waiting more than three years to seek the reinstatement of the instant action. Therefore, the instant motion to reinstate is denied.